IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. Action No.  CCB-11-0688 |
| ANTOIN GARRISON, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

On October 23, 2012, a federal grand jury returned a superseding indictment charging Antoin Garrison with possession of ammunition by a convicted person (Count One); possession of a firearm by a convicted person (Count Two); possession of cocaine with the intent to distribute (Count Three); possession of a firearm by a convicted person (Count Four); and possession of a firearm in furtherance of a drug trafficking crime (Count Five). (ECF 26). On May 21, 2013, following a jury trial, Mr. Garrison was convicted on all counts. Because he had three prior convictions for serious drug offenses, he qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). On January 28, 2014, he was sentenced to the mandatory minimum of 180 months concurrent, on each of Counts One, Two, Three, and Four; he also received a consecutive sentence of 60 months on Count Five, for a total term of 240 months. (ECF 73). His convictions were affirmed on appeal. (ECF 93).

A motion to vacate under 28 U.S.C. § 2255 was denied on November 28, 2023. (ECF 123, 124). On August 30, 2022, Mr. Garrison filed a pro se motion for compassionate release (ECF 112), which was supplemented by appointed counsel on August 22, 2023 (ECF 119). The

government filed an opposition. (ECF 122). For the reasons that follow, the motion will be granted in part and denied in part.

Evaluating a motion for compassionate release involves a two-step analysis. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the defendant must show that "extraordinary and compelling reasons" warrant his release. *Id.* (quoting *United States v. Hargrove*, 30 F.4th 189, 194-95 (4th Cir. 2022)); 18 U.S.C. § 3582(c)(1)(A)(i). If that burden is met, the court must then evaluate the sentencing factors set forth in 18 U.S.C. § 3553(a). *Centeno-Morales*, 90 F.4th at 279. Granting a motion for compassionate release is generally within the district court's discretion, and although the court must consider any new arguments raised for sentence modification, it "need not address in turn every argument raised by the movant." *Id.* At the Section 3553(a) stage, "district courts are presumed to have sufficiently considered the relevant factors in deciding a motion for compassionate release" unless the defendant rebuts that presumption. *Id.* (citing *United States v. High*, 997 F.3d 181, 190 (4th Cir. 2021)).

Mr. Garrison's primary argument for compassionate release centers on his contention that, if he were sentenced today, he would not qualify for an ACCA enhancement. He bases this contention on *United States v. Hope*, 28 F.4th 487 (4th Cir. 2022), which held that because the federal statute's definition of marijuana at the time of federal sentencing was not a categorical match for the state's definition of marijuana at the time of the state convictions (federal law excluded hemp, South Carolina law did not), the prior South Carolina convictions did not qualify as serious drug offenses and Hope was not subject to an ACCA enhancement. *Hope*, 28 F.4th at 506-07.

According to Mr. Garrison, federal law now excludes ioflupane from the statutory definition of cocaine, but Maryland state law at the time of his prior drug offenses did not, and

accordingly the two prior cocaine convictions can no longer be considered as "serious drug offenses" under the ACCA. His guidelines range at the time of his 2014 sentencing was 235-293 months on Counts One, Two, Three, and Four, plus 60 months consecutive on Count Five, for a total range of 295-353 months. ECF 83, at 24:19 – 25:5.

If he were sentenced today, without the ACCA enhancement, the guidelines range would be 92-115 months for Counts One, Two, Three, and Four, plus the mandatory 60 months consecutive for Count Five, resulting in a total guidelines range of 152-175 months. Assuming Mr. Garrison is correct about his guidelines analysis, there appears to be a discrepancy of as much as 178 months between the maximum he faced in 2014 and the maximum he would face today.

Following the reasoning recently set forth by Judge Chuang in *United States v. Keaton*, Crim. Action No. TDC-18-0215, ECF 146, at 24:1 - 30:14 (D. Md. June 1, 2024) (Hr'g Tr.), I agree that Mr. Garrison's prior state cocaine convictions, if he were sentenced today, would not qualify as "serious drug offenses" under the ACCA. The size of the discrepancy is sufficient to constitute an "extraordinary and compelling reason." *See United States v. Davis*, 99 F.4th 647, 661 (4th Cir. 2024) (concluding district court should have considered "stark" approximately 100-month sentence disparity due to change in law in analyzing "extraordinary and compelling reasons"); *United States v. McCoy*, 981 F.3d 271, 285-86, 288 (4th Cir. 2020) (holding courts may consider changes in law affecting the length of defendants' sentences, and affirming that a 200-month disparity was among the "extraordinary and compelling reasons" to reduce defendant's sentence), *superseded on other grounds by* 88 Fed. Reg. 28254 (May 3, 2023) (amending U.S.S.G. § 1B1.13); *United States v. Ewing*, No. RDB-18-cr-142, 2023 WL 2185785, at *3 (D. Md. Feb. 23, 2023) (reasoning that guidelines range disparity of approximately 65 months was an "extraordinary and compelling reason"); *United States v. Howard*, No. CCB-11-cr-494, 2021 WL

3

5416950, at *3 (D. Md. Nov. 18, 2021) (highlighting the significance of a disparity of half the sentence); *see also Concepcion v. United States*, 597 U.S. 481, 494 (2022) ("In many cases, a district court is prohibited from recalculating a Guidelines range in light of nonretroactive Guidelines amendments, but the court may find those amendments to be germane when deciding whether to modify a sentence at all, and if so, to what extent."); *cf. United States v. Myers*, No. CCB-01-cr-188, 2021 WL 2401237, at *3 (D. Md. June 11, 2021) (contrasting as insufficient 14 percent disparity with disparities of 50 percent or more).

Early release is not, of course, automatic. The court must consider the factors under 18 U.S.C. § 3553(a). On the one hand, Mr. Garrison's criminal conduct was quite serious, as he sold drugs and possessed guns while on supervised release from another federal case. The needs to reflect the seriousness of the offense, to provide adequate deterrence and just punishment, and to promote respect for the law argue against any significant reduction in his sentence. On the other hand, Mr. Garrison is now 56 years old, with no disciplinary infractions in the past five years. He has a release plan and the promise of family support. The risk of recidivism appears relatively low.

After consideration of all the relevant factors, Mr. Garrison's sentence will be reduced by three years, from twenty to seventeen years. Specifically, his sentence on Counts One through Four will be reduced to 144 months, followed by a consecutive 60 months on Count Five, for a total of 204 months.

A separate Order follows.


Date:  October 8, 2024                                         /S/ CATHERINE C. BLAKE
                                                               Catherine C. Blake
                                                               United States District Judge